**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 97-50269**

**UNITED STATES OF AMERICA,**

**Plaintiff - Appellee,**

**VERSUS**

**RICARDO ARMENDARIZ;**
**SALVADOR TREVINO, also known as Minio;**
**BEATRICE ARMENDARIZ,**

**Defendants - Appellants.**

Appeal from the United States District Court
For the Western District of Texas
(EP-96-CR-366-1)

July 13, 1998

Before WIENER, BARKSDALE, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:[*]

Defendants Beatrice Armendariz, Ricardo Armendariz, and Salvador Treviño were among the parties charged in a multiple-party indictment charging, inter alia, counts of conspiracy to possess

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

and distribute marijuana and conspiracy to launder money. The charges stemmed from a drug-running operation that smuggled marijuana across the Mexican border and used commercial cargo trucks to distribute the drugs across the country.

Mrs. Armendariz was convicted on one count of conspiring to launder money instruments. She was given a special assessment of $100 and sentenced to 168 months of imprisonment, to be followed by three years of supervised release. She was fined $1,000 and ordered to forfeit $5,000,000 in cash and property.

Mr. Armendariz and Mr. Treviño were each convicted on multiple counts of conspiring to possess with intent to distribute a quantity of marijuana, conspiring to launder monetary instruments, and possessing with intent to distribute a quantity of marijuana. They were each given a special assessment of $500 and sentenced to concurrent sentences of 262 months, 240 months, 60 months, and 262 months of imprisonment. Their prison terms are to be followed by five years of supervised release. They were each fined $200,000 and ordered to forfeit $5,000,000 in cash and property.

Beatrice Armendariz, Ricardo Armendariz, and Salvador Treviño timely appealed.

**I.  Sufficiency of the evidence**

Each of the defendants challenges the sufficiency of the evidence adduced at trial in support of the government's charges of a conspiracy to launder money.

The standard of review applicable to the defendants' sufficiency challenges is "whether a rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997). "All evidence and inferences from the evidence are to be viewed in the light most favorable to the government." *Id.* "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and this court will accept all credibility choices that tend to support the verdict." *Id.*

Count Two of the Second Superseding Indictment charged the defendants with conspiring to violate 18 U.S.C. § 1956(a)(1)(A)(i). The statute provides:

> (a)(1)  Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
>
> > (A)(i) with the intent to promote the carrying on of specified unlawful activity;
> > * * *
>
> * * *
>
> shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater,

-4-

or imprisonment for not more than twenty years, or both.

18 U.S.C. § 1956. The elements of the conspiracy offense are: (1) agreement to commit the crime; (2) knowledge of the agreement; (3) one overt act by a coconspirator in furtherance of the crime; and (4) voluntary participation. *See United States v. Fierro*, 38 F.3d 761, 768 (5th Cir. 1994), *cert. denied*, 514 U.S. 1030, 115 S. Ct. 1388 (1995); *see also* 18 U.S.C. § 1956(h) ("Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."). Notably with respect to the arguments presented by the defendants, a conviction of conspiracy may be supported by circumstantial evidence. *See, e.g.*, *Fierro*, 38 F.3d at 767-68. "It is not necessary to prove that the defendant was familiar with every single detail of the conspiracy in order to prove intent, but the Government must show knowledge of the conspiratorial agreement and association with the plan." *United States v. Saenz*, 747 F.2d 930, 938 (5th Cir. 1984), *cert. denied*, 473 U.S. 906, 105 S. Ct. 3531 (1985).

## A.    Beatrice Armendariz

Mrs. Armendariz unsuccessfully moved for a directed verdict of innocence at the close of the government's case. On appeal, she argues, without any supporting authority:

> An examination of the records reveals that there was little or no evidence produced against Appellant, Beatrice Armendariz, directly. The evidence produced at trial was against her co-defendants primarily resulting in an inference that the jury could easily follow in arriving at a guilty verdict.

To the contrary, the record contains ample evidence supporting the jury's determination of Beatrice Armendariz's guilt. First, there is strong circumstantial evidence that Mrs. Armendariz was fully aware of the illegal activities that surrounded her. For example, there is evidence that her husband was active in marijuana trafficking and received hundreds of thousands of dollars in drug sale proceeds as payment for his role. *See* **United States v. Cota**, 953 F.2d 753, 760 (2d Cir. 1992) (an intimate business relationship with a conspiracy ringleader is evidence of knowledge of the unlawful activity from which proceeds used in a money laundering conspiracy were derived). Also, the Armendarizes spent and deposited much more money than their reported income. The jury could infer that Mrs. Armendariz was not completely ignorant of her husband's activities or the source of their household income.

The jury heard evidence that Mrs. Armendariz was present while thousands of dollars in drug proceeds were counted at the home of Ricky Juarez. "Although mere association or presence by themselves are insufficient to prove knowing participation in the agreement, when combined with other relevant circumstantial evidence these factors may constitute sufficient evidence to support a conspiracy

conviction." **United States v. Brito**, 136 F.3d 397, 409 (5th Cir.) (citation omitted), *cert. denied*, 118 S. Ct. 1817 (1998); *see also* **United States v. Vergara**, 687 F.2d 57, 61 (5th Cir. 1982).

Furthermore, there is evidence in the record that Mrs. Armendariz actively participated in the scheme. Her job was to find names that could be used for the receipt of wire transfers of drug money. For example, there is evidence that she called a connection in Florida to confirm the receipt of funds and that she received an $8,000 wire transfer from a coconspirator, Jose Delgado. Based on these facts, the jury could have inferred her knowledge of the illegality of the money because there is no reason to receive legitimate funds in the names of other individuals. The jury also heard evidence that upon an instruction from her husband that he needed "$10 for gas," Mrs. Armendariz drove from Odessa to El Paso and delivered $10,000 to him. This money was packaged in the same fashion as the loads of currency transported and handled by the coconspirators, and it was the precise amount needed to pay for the transportation of marijuana from Mexico to the border.

Mrs. Armendariz does not challenge the existence of the conspiracy or the presence of overt action, and the evidence is plainly sufficient to support a jury finding that she had knowledge and participated in the scheme. All of the elements of the crime were proven, so the district court did not err in entering a guilty

verdict against her on the one charge of conspiring to launder money instruments.


**B.    Ricardo Armendariz and Salvador Treviño**

Mr. Armendariz and Mr. Treviño did not make separate arguments that the evidence presented by the government was insufficient to support their money laundering conspiracy convictions.  They did, however, purport to adopt all of Mrs. Armendariz's arguments pursuant to FED. R. APP. P. 28(i).  We have previously held that under this Rule "an appellant may not adopt by reference fact-specific challenges to his conviction." *United States v. Morgan*, 117 F.3d 849, 853 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 454 (1998).  A detailed evidence sufficiency analysis is simply unnecessary with respect to these defendants because of their failure to brief the argument.


## II.  Severance

Mrs. Armendariz and Mr. Treviño unsuccessfully moved to sever their cases from that of their codefendants because Mr. Armendariz had a prior drug-related conviction.  Mr. Armendariz did not move for severance.  Mrs. Armendariz and Mr. Treviño now claim that their defenses were prejudiced as a result of the district court's refusal to sever.  Mrs. Armendariz briefed the argument.  Mr. Treviño simply adopted the argument by reference.  We note once

again that Mr. Treviño's adoption of another defendant's fact-specific argument is an unavailing move under FED. R. APP. P. 28(i). See **Morgan**, 117 F.3d at 853.

The district court's decision not to sever defendants for separate trials is reviewed for abuse of discretion. See **United States v. Capote-Capote**, 946 F.2d 1100, 1104 (5th Cir. 1991), cert. denied, 504 U.S. 942, 112 S. Ct. 2278 (1992). "[A] defendant is not entitled to severance unless he can demonstrate specific compelling prejudice that actually results in his having received an unfair trial." **Id.** "Any possible prejudice must, moreover, be balanced against the public's interest in efficient judicial administration." **United States v. Hernandez**, 962 F.2d 1152, 1157 (5th Cir. 1992).

Mrs. Armendariz argues that it was prejudicial to her to be tried along with her husband because he had been previously convicted of drug-related offenses. While Mrs. Armendariz was only charged with one count of conspiring to launder money, her co-defendants were also charged with possession of marijuana, possession of marijuana with intent to distribute, conspiracy to distribute marijuana, and money laundering. She thus argues that both a quantitative and a qualitative disparity in the evidence produced against her required severance, citing **United States v. Rocha**, 916 F.2d 219 (5th Cir. 1990), cert. denied, 500 U.S. 934, 111 S. Ct. 2057 (1991).

The Federal Rules of Criminal Procedure provide:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

FED. R. CRIM. P. 14. The Supreme Court has commented on the application of this rule, noting:

> [A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.

*Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 938 (1993) (citations omitted). Our Court has entertained an argument

-10-

for severance in a case where, as Mrs. Armendariz alleges, there is a "great disparity" in the evidence offered against different co-defendants. *United States v. Harrelson*, 754 F.2d 1153, 1175 (5th Cir.), *cert. denied*, 474 U.S. 908, 106 S. Ct. 277 (1985). This Court has further reasoned, however, that a mere *quantitative* difference is "clearly insufficient in itself to justify severance; a qualitative disparity must be shown as well." *Id.* (citation omitted); *see United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir.), *cert. denied*, 513 U.S. 1008, 115 S. Ct. 530 (1994).

The brief submitted by Mrs. Armendariz contains no support for its bare allegation that at trial there was "not only a quantitative but also a qualitative disparity" in the evidence produced against her as compared to the evidence presented against her codefendants. Our review of the record brings us to the opposite conclusion. The jury heard no evidence of Ricardo Armendariz's prior marijuana convictions, so there was no prejudice to the other defendants. More importantly, the jury was instructed to compartmentalize the evidence against each defendant on each count. *See Zafiro*, 506 U.S. at 539, 113 S. Ct. at 938 (limiting instructions are a less drastic measure than severance which "often will suffice to cure any risk of prejudice"). In addition, the jury acquitted one of the defendants, demonstrating that it did differentiate among different defendants. This trial lasted nine days, and judicial economy would have been disserved by permitting

-11-

separate trials.  Our Court has affirmed denials of severance in cases where there was a much stronger disparity in the evidence presented.  *See, e.g.*, **Harrelson**, 754 F.2d at 1174-76.  We are not compelled to reverse the district court's decision in this case.

Mrs. Armendariz failed to demonstrate "specific compelling prejudice that actually result[ed] in h[er] having received an unfair trial."  **Capote-Capote**, 946 F.2d at 1104.  She has not, therefore, articulated an interest which might outweigh "the public's interest in efficient judicial administration." **Hernandez**, 962 F.2d at 1157.  Mrs. Armendariz's failure to demonstrate prejudice precludes any conclusion that the district court abused its discretion.  The same conclusion must be drawn for Mr. Treviño, who simply adopted Mrs. Armendariz's argument by reference.  Mr. Treviño makes no separate argument comparing the evidence offered against him to the evidence offered against his codefendants.  On the facts of this case his argument that there was a disparity in the evidence is no more compelling.

## III.  Admissibility of Evidence of Witnesses' Prior Convictions

Mr. Armendariz and Mr. Treviño contend that the district court erred by refusing to allow two of the government's witnesses to be cross-examined about prior convictions.  One witness, Manuel Castro, was convicted in 1978 for embezzlement.  The other witness, John Bennett, was convicted in 1963 for conspiring to steal a motor

vehicle, in 1974 for interstate theft, and in 1982 for interstate transportation of stolen property.

The district court excluded this evidence pursuant to the Federal Rules of Evidence, which provide:

### Rule 609. Impeachment by Evidence of Conviction of Crime

**(a) General rule.** For the purpose of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

**(b) Time limit.** *Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction* or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

\* \* \*

FED. R. EVID. 609 (emphasis supplied). The district court's evidentiary rulings are reviewed for abuse of discretion. *See, e.g.*, **United States v. Acosta**, 763 F.2d 671, 693 (5th Cir.), *cert. denied*, 474 U.S. 863, 106 S. Ct. 179 (1985). The Fifth Circuit has required district courts to be "extremely cautious in admitting evidence of remote convictions." **United States v. Cathey**, 591 F.2d 268, 275 (5th Cir. 1979) (citation omitted). Moreover, "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." FED. R. EVID. 103(a).

Mr. Armendariz and Mr. Treviño contend that the prior convictions of Mr. Castro and Mr. Bennett were relevant to their credibility as witnesses, and therefore this evidence was necessary to their defense. The defendants complain that the government portrayed Mr. Castro as a disabled ex-Marine who is bankrupt, but otherwise a good citizen. They also complain that Mr. Bennett was portrayed as one who cooperated with the government out of the goodness of heart who was unaware of what possible sentence he was facing in his own case. They claim they needed the prior-convictions evidence to impeach these witnesses' testimony.

The problems with this point of error are legion. First, the defendants failed to provide notice to the government of their intent to use the prior-convictions evidence as required by FED. R.

EVID. 609(b). Second, all of those convictions are more than ten years old, and the defendants have not established that "the probative value of the [witnesses'] conviction[s] supported by specific facts and circumstances substantially outweighs [their] prejudicial effect." FED. R. EVID. 609(b). Finally, it is impossible to conclude that the defendants were prejudiced by the exclusion of Mr. Bennett's and Mr. Castro's older convictions because the record is full of other evidence that Mr. Bennett was continually involved in criminal activity (including cross-examination about more recent convictions), and both Mr. Castro and Mr. Bennett were extensively cross-examined about their deals with the government.

To the extent that the defendants wanted to impeach the credibility of these witnesses for bias, they were able to do so by exploring the details of their bargains with the government. Evidence of prior convictions would have added little, if anything, on that score. To the extent that the evidence was sought for simple character assassination, however, Rule 609 embodies a policy judgment that convictions over ten years old are presumably not probative of any relevant character trait except under the circumstances embodied in the exception to the rule, in other words, where the district court determines that "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." FED. R. EVID. 609(b).

Given that there is no apparent abuse of discretion in the district court's refusal to admit evidence of certain convictions under Rule 609(b), and given that the defendants have failed to demonstrate that this ruling affected their substantial rights, we conclude that there was no error.

## IV.  Sentencing

Finally, Mr. Armendariz and Mr. Treviño contest their sentences.  They lodge several complaints on appeal.  First, they contest the amount of marijuana used to calculate base offense levels.  They characterize the evidence supporting the amount used in sentencing as "vague, uncorroborated and untrustworthy." Second, they challenge the evidence used to apply four-level leadership-role upward adjustments as "untrustworthy testimony of the informants."  Third, they dispute the calculated amount of gross proceeds, which "is based upon the testimony of Agent Shuster, which in turn is based upon the testimony of informants." Finally, Mr. Armendariz contests his criminal history categorization because there is no credible evidence of his involvement in any offense prior to his probation discharge date.

Plainly, these are not legal arguments directed to the district court's application of the Sentencing Guidelines. Rather, they are challenges to the factual determinations used by the district court to calculate the defendants' sentences.  These

factual determinations are reviewed for clear error.  *See Stevenson*, 126 F.3d at 664.  Factual findings for sentencing purposes need only be supported by a preponderance of evidence, *see United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997), and our independent review of the record convinces us that the district court's factual findings were not clearly erroneous.

Moreover, the district court relied on the factually detailed presentence report, which "generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making guideline determinations, especially when there is no evidence in rebuttal." *United States v. Hornsby*, 88 F.3d 336, 339 (5th Cir. 1996).  The defendants failed to offer or adduce evidence showing that the factual statements in the presentence report were materially inaccurate, untrue, or unreliable.  Thus, we conclude there is no error in the sentence imposed on Mr. Armendariz and Mr. Treviño.

## V.  Conclusion

For the aforementioned reasons, the judgment of the district court is AFFIRMED.